UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HOCH,<br><br>            Plaintiff,<br><br>    v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>            Defendants. | 1:23-cv-00796-KES-SKO<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**14-DAY DEADLINE** |

Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* in a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Clendenin and Price for violations of Plaintiff's constitutional rights.

**I.     INTRODUCTION**

On September 26, 2024, Defendants filed a motion for summary judgment. (Doc. 27.) On October 16, 2024, the Court granted Plaintiff's motion seeking an extension of time within which to respond to Defendants' motion. (Doc. 29.) Plaintiff was directed to file his opposition "**no later than November 18, 2024**." (*Id*. at 2, emphasis in original.) As of the date of this Order, Plaintiff has failed to file an opposition to the pending motion.

**II.     DISCUSSION**

Rule 56 of the Federal Rules of Civil Procedure concerns summary judgment. It provides, in relevant part:

> **Failure to Properly Support of Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). This Court's Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See* Local Rule 110. Further, the Local Rules also provide:

> Opposition, if any to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Local Rule 230(*l*).

The Court's October 15, 2024, order granting Plaintiff's request for an extension of time expressly directed Plaintiff to "file an opposition to Defendants' motion for summary judgment **no later than November 18, 2024**." (Doc. 29 at 2, emphasis in original.)  Plaintiff has failed to timely file an opposition to the motion, and the time to do so has now passed.

//

//

2

### III.     CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why sanctions should not be imposed for his failure to comply with this Court's October 15, 2024, order. Alternatively, within that same time, Plaintiff may file an opposition to Defendants' motion for summary judgment filed September 26, 2024.

IT IS SO ORDERED.

Dated:     **November 27, 2024**              /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE

3