UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HOCH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>　　　　　Defendants. | 1:23-cv-00796-KES-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Docs. 27, 33 |

　　　　Plaintiff is a civil detainee proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Plaintiff, who suffers from mobility disabilities, initiated this action on May 24, 2023, alleging defendants violated the ADA, the equal protection clause of the Fourteenth Amendment, and the due process clause of the Fourteenth Amendment by restricting his access to vocational job and education assignments. Doc. 1. The assigned magistrate judge screened the complaint and found that plaintiff had stated a claim. Doc. 9. On September 26, 2024, defendants moved for summary judgment on all of plaintiff's claims. Doc. 27. Plaintiff did not oppose the motion. *See* Docket.

1

1   Thereafter, on February 20, 2025, the assigned magistrate judge issued findings and
2   recommendations recommending that defendants' unopposed summary judgment motion be
3   granted. Doc. 33. Specifically, the magistrate judge found that plaintiff lacks standing to bring
4   his vocational job claims and his vocational job claims are not ripe because plaintiff has not
5   suffered an injury in fact, nor is an injury imminent, given plaintiff testified in his deposition that
6   he had a vocational job in laundry, was happy in his position, was pleased with the
7   accommodations provided in his current position, and had not applied for nor been denied
8   employment in any other positions. *Id.* at 7-9. The magistrate judge also found that plaintiff's
9   claims seeking a vocational education program are moot given plaintiff testified at his deposition
10  that there is not any vocational educational program in which he wishes to participate but does
11  not have access, and plaintiff is not entitled to injunctive relief because he has not suffered
12  irreparable injury. *Id.* at 10.[1]

13   Plaintiff's complaint is verified and signed under penalty of perjury. Doc. 1 at 16. It is
14  therefore properly considered in considering defendants' motion for summary judgment.[2]
15  However, contradictions between plaintiff's verified complaint and his testimony given in his
16  deposition, which was taken subsequently to the filing of his complaint, are insufficient to create
17  a dispute of fact to survive summary judgment. *Cf. Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d
18  262, 266 (9th Cir. 1991) (a party "who has been examined at length on deposition" cannot create

---

[1] The magistrate judge further found that defendants were entitled to summary judgment regarding plaintiff's claim under the ADA because plaintiff has not been excluded from a job assignment nor has he been discriminated against by reason of his disability. *Id.* at 12-16. Finally, the magistrate judge found that defendants were entitled to summary judgment on plaintiff's equal protection and due process claims, respectively, given that the evidence shows plaintiff was not denied a job assignment based on his disabilities nor has he suffered any injury or is he at risk of suffering serious harm. *Id.* at 16-20.

[2] "[W]hen a nonmoving party is pro se, a court must 'consider as evidence all factual statements made in motions and pleadings that were based on his personal knowledge, admissible in evidence, and attested to under penalty of perjury.'" *Lechner v. LVMPD*, 696 F. Supp. 3d 963, 978 (D. Nev. 2023) (citing *King of County of L.A.*, 885 F.3d 548, 553 (9th Cir. 2018). Therefore, a "verified complaint may serve as an affidavit for purposes of summary judgment if (1) it is based on personal knowledge and if (2) it sets forth the requisite facts with specificity." *Id.* (citations omitted).

a dispute by later contradicting his testimony in a declaration produced merely to avoid summary judgment).

Plaintiff alleges in his verified complaint that defendants do not provide adequate access for disabled individuals to vocational jobs aside from laundry or patient library that other non-disabled patients have access to (such as woodworking or graphic arts) and testified at his deposition that "able-bodied people could basically go anywhere throughout the open part of the hospital [to work] . . . [b]ut there was no extra positions or open positions for the handicapped." *See generally* Doc. 1; *see also* Hoch Dep. 87:10-24. However, plaintiff also testified unequivocally at his deposition that there are not any job or educational opportunities to which he does not have access but wishes he did. Hoch Dep. 82:21-83:7; 90:20-91:4. He stated the "one[s] [he] would want" are "either the laundry I'm currently in or the library, the patient library." Hoch Dep. 82:21-83:2. He testified the patient library position is one of the job positions available to disabled patients, but he has not yet applied and wants to stay at his current job for the time being. *See* Hoch Dep. 58:19-59:3-5; 69:2-19. He also testified that there is not any vocational education he wishes he had access to at this time. Hoch Dep. 82:21-83:7. Thus, as found by the magistrate judge, defendants are entitled to summary judgment on all of plaintiff's claims.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis. The findings and recommendations contained notice that any objections thereto were due within fourteen days. *Id*. at 21. No objections have been filed, and the time to do so has passed.

///
///
///
///
///
///

3

Accordingly,

1. The findings and recommendations issued on February 20, 2025, Doc. 33, are ADOPTED in full;

2. Defendants' motion for summary judgment, Doc. 27, is GRANTED; and

3. The Clerk of the Court is DIRECTED to enter judgment for defendants, terminate all pending motions, and to close this case.

IT IS SO ORDERED.

Dated:  April 30, 2025

_____
UNITED STATES DISTRICT JUDGE

4